# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIBA SAKURI CONLEY,<br><br>               Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | No. 16-cr-0403<br>No. 24-cv-1676 |

## MEMORANDUM OPINION

In June 2021, after a five-day jury trial the year before, Judge Peter Messitte of this Court sentenced Tiba Sakuri Conley to 13 years and one month in prison. Mr. Conley now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds: a Fourth Amendment violation for a warrantless search, a Fourth Amendment violation for a lack of evidence on which to base a search warrant, a Sixth Amendment violation for ineffective assistance of counsel, and a Sixth Amendment violation for no opportunity to confront his accuser. ECF No. 264. Mr. Conley filed his § 2255 motion after the one-year statute of limitations ran. The Government opposes Mr. Conley's motion. ECF No. 271. Mr. Conley also moves for the Court to appoint counsel. ECF Nos. 263, 277.

These three motions are ripe. No hearing is required. *See* L.R. 105.6 (D. Md. 2023). For the reasons discussed below, the Court will deny the motions.

## I.     Motions for Appointment of Counsel

At various times, five reputable attorneys have represented Mr. Conley, including one twice: Michael CitaraManis, assistant federal public defender; Catherine Flynn, retained counsel; Mr. CitaraManis again; Michael Montemarano, court-appointed counsel; Jenifer Wicks, court-appointed counsel; and Charles Burnham, court-appointed counsel. And in a habeas claim such as this, prisoners have no constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . ."). Further, Judge Messitte previously ruled that the Court would not appoint more counsel after Mr. Conley's string of terminating counsel. July 21, 2020 Tr. 5:3–4, ECF No. 248 ("THE COURT: . . . There's not going to be any further appointment of counsel for you in this case."). The Court will deny Mr. Conley's motions for appointment of counsel. ECF Nos. 263, 277.

II.   **Section 2255 Motion**

Section 2255 "permits individuals who have been convicted of federal crimes and are consequently in federal custody, and who have exhausted their direct appeals, to move the sentencing court to vacate, set aside, or correct their sentence." *In re McNeill*, 68 F.4th 195, 200 (4th Cir. 2023). A section 2255 motion, however, is limited to grounds that the sentence "was [1] imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." *Id.* (quoting 28 U.S.C. § 2255(a)). The movant has the burden of showing that the "sentence is unlawful on one of the specified grounds." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). If the movant meets this burden, then the Court should grant an "appropriate" remedy under the circumstances,

such as discharging him from prison, resentencing him, or granting a new trial. *Id*. If, however, the movant fails to meet this burden, then the Court must deny the motion. *Id*. (quoting *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)).

### A. The Statute of Limitations for § 2255 Motions

A prisoner has a limited time to file a § 2255 motion. The limitation period lasts one year and runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In other words, a prisoner must file his § 2255 claim within a year of his conviction becoming final unless one of the provisions under § 2255(f)(2)–(4) extends the statute of limitations to a later date. Here, Mr. Conley's claim is untimely under Section 2255(f)(1).

When a judgment of conviction is appealed, it becomes final for the purposes of § 2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525, 527 (2003). Generally, a petition for a writ of certiorari must be filed within 90 days of the entry of judgment by a federal court of appeals. Sup. Ct. R. 13 (2013).

The Court entered a judgment of conviction in this case on June 16, 2021. ECF No. 223. The United States Court of Appeals for the Fourth Circuit entered a judgment dismissing Mr. Conley's appeal on December 9, 2022. ECF No. 260. Mr. Conley did not seek certiorari review. Accordingly, the statute of limitations began running 90 days thereafter, on March 9, 2023. The limitations period ran for one year, until March 9, 2024. Mr. Conley filed the present motion on June 7, 2024, nearly three months late. ECF No. 264. Thus, Mr. Conley's motion is untimely unless he shows that one of the other provisions of § 2255(f) extends the limitation period to a later starting date or unless equitable tolling applies to the limitations period.

No other provisions of § 2255(f) apply.

Before denying Mr. Conley's § 2255 motion for untimeliness, the Court ordered Mr. Conley to explain why equitable tolling should apply. ECF No. 274; *see, e.g.*, *Nunez v. United States*, 10-cv-2506, 2010 WL 4291857 (D. Md. Oct. 29, 2010) (noting that the movant was given the opportunity to explain why equitable tolling applies, but his response did not provide legal or factual grounds to warrant equitable tolling, so his petition was time barred).

### B. Equitable Tolling

The Fourth Circuit has recognized that § 2255's statute of limitations is subject to equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *cf. Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that § 2244(d), which applies to state prisoners, is subject to equitable tolling). But equitable tolling is available only in the "rare circumstances" where enforcing the statute of limitations would be "unconscionable" and result in "gross injustice." *Sosa*, 364 F.3d at 512 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). So "to be entitled to equitable tolling, an

4

otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id.* (quoting *Rouse*, 339 F.3d at 246). When a prisoner is "impeded from completing his petition . . . because of his transfer to other facilities" *and* he has diligently pursued his claim, a court may equitably toll the limitations period. *See Solomon v. United States*, 467 F.3d 928, 934–35 (6th Cir. 2006).

In support of his argument for equitable tolling, Mr. Conley explains that he did not file his § 2255 motion within the one-year period for two reasons: (1) discipline sanctions and (2) a transfer to a new prison during an extended lockdown. ECF No. 275.

First, Mr. Conley says he received discipline sanctions that required him to be "in special housing in Nov. 17, 2023." *Id.* This reason does not suffice for extraordinary circumstances beyond his control. *See Sosa*, 364 F.3d at 512; *Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000) (requiring either wrongful conduct by the defendants or circumstances *beyond the petitioner's control* before the court equitably tolls the statute of limitations). Mr. Conley admits as much: "So I can honestly blame . . . my actions that caused discipline sanctions." ECF No. 275. The limitations period cannot be tolled for delays within the movant's control.

Second, Mr. Conley alleges that he was transferred twice during the limitations period. In January 2024, he was "transfer[r]ed to Atlanta Holdover." ECF No. 275. The next month he was "placed at Lee County" Federal Penitentiary in Virginia, where he contends he was "on lockdown a majority of time." *Id.* Two months passed before his property arrived at Lee County, he alleges. *Id.* That means he received his property around April 2024, *after* the limitations period had expired. Suggesting Mr. Conley was aware of his limited time, he asked the Court for an extension on March 28, 2024 (filed

5

April 1, 2024), in his motion to appoint counsel. ECF No. 263. Mr. Conley also mentioned he was in special housing for four months, though he does not say why. *Id.*

Because of Mr. Conley's second reason, this is a rare case in which equitable tolling applies. During the one-year limitations period, Mr. Conley spent several months without access to his materials because of a prison transfer and a lockdown. While such events occur from time to time, for both to happen in the one year in which Mr. Conley had to file a § 2255 petition means he had significantly less time than the typical limitations period in which to prepare his pro se motion. In sum, Mr. Conley was in extraordinary circumstances beyond his control that led to the untimeliness of his filing. And when he finally did have access to his materials, he asked the Court for an extension. *See* ECF No. 263 (Mr. Conley writing on March 28, 2024: "I've been in special housing unit for 4 months, may I have a extension[?]"). Mr. Conley diligently pursued his rights.

Critically, too, the Government does not oppose Mr. Conley's argument for tolling the limitations period. The Court expressly gave the Government 30 days to respond, ECF No. 274, but it did not do so. Without an opposition to Mr. Conley's argument, the Government concedes Mr. Conley's facts as alleged.

For these reasons, the Court finds equitable tolling of the statute of limitations proper here. The limitations period is tolled from March 9, 2024, until Mr. Conley's filing of a § 2255 motion on June 7, 2024.

### C. Merits of the § 2255 Motion

Mr. Conley's § 2255 motion rests on four grounds: two based on the Fourth Amendment and two based on the Sixth Amendment. Because he had a full and fair opportunity to litigate his Fourth Amendment grounds before this Court, the Court will

6

not hear those arguments again. Likewise, one of Mr. Conley's Sixth Amendment claims—his assertion that he "was not allowed to challenge [his] accuser," ECF No. 264 at 8, which is a reference to his request for the identity of a confidential informant—was raised at trial but not on appeal and cannot now be re-litigated. Lastly, Mr. Conley's Sixth Amendment claim regarding ineffective assistance of counsel, an argument he made (and lost) on appeal, was unavailing before and unavailing now. The Court will deny the § 2255 motion on the merits.

### 1. *Grounds One and Two: Alleged Violations of the Fourth Amendment*

A § 2255 movant may raise a Fourth Amendment issue when his counsel "fail[ed] to make a timely request for the exclusion of illegally seized evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 379 (1986). But if the trial court "provided [the movant] a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law." *United States v. Schulte*, 230 F.3d 1356 (4th Cir. 2000) (unpublished) (citations omitted); *see Stone v. Powell*, 428 U.S. 465, 482 (1976) (creating this rule in the context of state habeas review under 28 U.S.C. § 2254); *United States v. Johnson*, 457 U.S. 537, 563 n.20 (1982) (recognizing that the same rule applies to "analogous federal cases under 28 U.S.C. § 2255"), *abrogated on other grounds by Griffith v. Kentucky*, 479 U.S. 314, 107 (1987).

Mr. Conley's first ground for this motion is, essentially, that the police violated the Fourth Amendment by searching his house without a warrant. *See* ECF No. 264 at 4 ("There was no warrant presented at trial. . . . I never received a warrant."). Similarly, his second ground is that "there was . . . no physical evidence of the control[led] buy"

that in part formed the basis for the probable cause supporting the issuance of a search warrant. *See id.* at 5.

This Court and the Fourth Circuit each ruled that the police searched Mr. Conley's home after they properly obtained a search warrant. *See United States v. Conley*, No. 21-4324, 2022 WL 17546934, at *1 (4th Cir. Dec. 9, 2022) ("Here, there was evidence of Conley's significant involvement in drug trafficking combined with the applying officer's training and experience that drug traffickers store contraband in their homes. Accordingly, we conclude that there was no error in the district court's denial of the motion to suppress. Even if the search warrant were deemed invalid, we conclude that the good-faith exception to the exclusionary rule applies and there is no basis to suppress the seized evidence."); *see also* Jan. 18, 2018 Hr'g Tr. 5:21–22, ECF No. 110 ("THE COURT: The motion for the *Franks* hearing, then, is denied. There is no sufficient allegation as to that."); *id.* at 106:16–110:12 (finding sufficient cause for a search warrant of Mr. Conley's home "notwithstanding a forceful argument made by the defendant in this case"); Dec. 17, 2019 Hr'g Tr. 52:24–54:13, ECF No. 149 (the Court stating again, a year later and among other things, "You are, in fact, unsuccessful in making the argument that the probable cause did not exist. It existed. You're not entitled to a *Franks* hearing"). Thus, by this Court's and the Fourth Circuit's prior analysis, the police did not violate Mr. Conley's Fourth Amendment rights. Mr. Conley had a full and fair opportunity to litigate the validity of the search warrant, whether it had a sufficient basis and whether it was in effect before the search. So Mr. Conley cannot now collaterally attack the previous decisions. *See United States v. Cucci*, 166 F.3d 335 (4th Cir. 1998) (unpublished) ("[B]ecause Cucci was afforded a full and fair

8

opportunity to litigate the legality of the search at trial and on appeal, this claim cannot be raised in collateral review before this court.").

For these reasons, Mr. Conley's two grounds based on the Fourth Amendment fail.

### 2. *Ground Four: Sixth Amendment Violation regarding Confidential Informant*

Like issues brought on direct appeal, issues that *could* have been brought on appeal may not be raised in a collateral attack. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009). A movant may not circumvent a ruling on direct appeal "by re-raising the same challenge in a § 2255 motion." *Id.* at 396.

Mr. Conley's fourth ground for his § 2255 motion is that he had no opportunity "to challenge [his] accuser," in violation of the Sixth Amendment's Confrontation Clause. *See* ECF No. 264 at 8. In the time between his arrest and his trial, Mr. Conley sought the identification of a confidential informant who had provided information to law enforcement so that he could confront the informant and "reveal to the Court that the allegations . . . are simply not true." ECF No. 40 (entitled "Motion to Reveal Identification of Confidential Informant"). The Court denied that motion. Dec. 18, 2018 Hr'g Tr. 110:13–22, ECF No. 110. At the same December 2018 hearing, Mr. Conley, through counsel, cross-examined the officer who submitted an affidavit with the search-warrant application to search Mr. Conley's home. Dec. 18, 2018 Hr'g Tr. 83:9–84:5; 91:12–100:18, ECF No. 110. On appeal, Mr. Conley did not argue—though he could have—that the Court denied him the chance to confront witnesses or that the Court wrongly decided to maintain the secrecy of the confidential informant's identity. *See*

9

*Conley*, 2022 WL 17546934. So Mr. Conley waived his opportunity to appeal these issues.

The Court concludes, therefore, that the relief Mr. Conley seeks on Confrontation Clause grounds is unavailable on collateral review. *See Kilgore v. United States*, No. 12-cr-0557-RWT, 2015 WL 1508824, at *3 (D. Md. Mar. 31, 2015) (finding that a movant alleging a violation of the Confrontation Clause "waived his right to litigate the claim[] on appeal and is prohibited from bringing the claims in a § 2255 motion") (citation omitted).

### 3. Ground Three: Sixth Amendment Violation for Ineffective Assistance of Counsel

Mr. Conley's remaining claim, ground three, is that his trial attorney was constitutionally ineffective. To establish a claim of ineffective assistance of counsel, Mr. Conley must prove that his counsel's performance was unconstitutionally deficient and that the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test's first prong, the "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a movant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Mr. Conley must satisfy both prongs to obtain the relief he seeks. *Id.* at 687. In applying the *Strickland* test, a court need not address both

prongs if the defendant makes "an insufficient showing on one." *Moon v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).

Mr. Conley now asserts that his trial counsel raised "nothing" in court and was, thus, constitutionally ineffective. ECF No. 264 at 7. That is, essentially, the extent of Mr. Conley's ineffective-assistance argument. *Id.* (adding only that "even in trial my lawyer kept his mouth closed"). On appeal, Mr. Conley also argued ineffective assistance of counsel, at least as to one decision his attorney made. The Fourth Circuit found his argument unavailing:

> Conley's claim that counsel was ineffective for not moving to reopen the trial to take his testimony fares no better at this juncture. We "typically review ineffective assistance of counsel claims on collateral review" but will consider "such claims on direct review where the ineffectiveness of counsel conclusively appears in the trial record itself." *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (internal quotation marks omitted). Counsel's ineffectiveness does not conclusively appear on the face of the record.

*Conley*, 2022 WL 17546934, at *2.

Mr. Conley's argument is equally unavailing now. Mr. Conley's trial counsel, Mr. Burnham, actively argued, examined, cross-examined, and objected at trial. *See, e.g.*, Trial Tr. vol. 2, 18:12–21:25, ECF No. 242 (Burnham moving for a mistrial based on the Government's unduly prejudicial statements in its opening argument); Trial Tr. vol. 3, 26:25–27:8 (Burnham successfully objecting during a redirect examination); *id.* at 73:7–75:2 (one of Burnham's several cross examinations). This is far from doing "nothing," as Mr. Conley alleges. Mr. Conley has not shown that his trial counsel's conduct fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Because Mr. Conley's claim does not satisfy the "performance" prong of the *Strickland* test, his claim for ineffective assistance of counsel also lacks merit.

### D. Certificate of Appealability

A court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. Rule 11(a), Rules Governing Section 2254 and 2255 (amended Feb. 1, 2010). A certificate of appealability is a "jurisdictional prerequisite" to an appeal from a court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the [movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies the movant's motion on its merits, the movant satisfies this standard by demonstrating that reasonable jurists could find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Mr. Conley's claim debatable, a certificate of appealability will not issue.

## III. Conclusion

For the reasons above, the Court will **DENY** the motions to appoint counsel, ECF Nos. 263, 277; equitably **TOLL** the statute of limitations; and **DENY** Mr. Conley's § 2255 motion, ECF No. 264.

A separate order will issue.

July 11, 2025                    /s/
                                 Adam B. Abelson
                                 United States District Judge